# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 CR 818 | DATE | June 10, 2003 |
| CASE TITLE | | *United States v. Welch* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court DENIES Defendant Welch's Motion for Judgment of Acquittal [56-1] and Motion for a New Trial [57-1].

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUN 11 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 59 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(stamps: "03 JUN 11 AM 10:22", "U.S. DISTRICT COURT CLERK", "FILED-ED 10")

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | No. 02 CR 818 |
| v. ) | |
| ) | Hon. Blanche M. Manning |
| ) | |
| ANDRE LEE WELCH ) | |

DOCKETED JUN 1 1 2003

## MEMORANDUM AND ORDER

Defendant Andre Lee Welch was found guilty by a jury of robbing the Illiana Federal Credit Union ("Illiana Federal"), in Calumet City, Illinois, in violation of 18 U.S.C. § 2113. The present matter comes before this Court on Welch's Motion for Judgment of Acquittal and Motion for a New Trial, pursuant to Federal Rules of Criminal Procedure 29 and 33. The Court will address each of these motions in turn.

### I. Motion for Acquittal

Under Federal Rule of Criminal Procedure 29, a court may acquit a defendant of "one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing a motion for judgment of acquittal pursuant to Rule 29, the Seventh Circuit mandates that the district court determine:

> whether at the time of the motion there was relevant evidence from which the jury could reasonably find [the defendants] guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government . . . bearing in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences.

United States v. Reed, 875 F.2d 107, 111 (7th Cir. 1989). In short, the court views all the evidence in the government's favor and is absolutely barred from second-guessing the jury's

credibility determinations or findings of fact. Id. Instead, the court merely assesses the record to determine if all the admissible evidence supports the defendants' adjudication of guilt beyond a reasonable doubt. Id.

Here, Welch contends that the Government failed to produce sufficient evidence at trial to "prove [Welch's] guilt beyond a reasonable doubt" because: (1) the Government failed to elicit any physical evidence or actual eyewitnesses linking Welch to the crime; and (2) the witnesses who identified Welch as the robber in the surveillance tape were impeached.

After reviewing the evidence in a light most favorable to the Government as is required, this Court finds that the Government presented sufficient evidence for the jury to reasonably conclude that Welch robbed Illiana Federal. A teller and bank customer, who actually witnessed the robbery, identified the person on the bank's surveillance tape as the individual who actually robbed the bank. Although these witnesses could not specifically identify Welch as the person on the tape, persons who had long-term contact with Welch (his ex-wife and a former roommate and co-worker), identified Welch as the robber on the bank's surveillance tape. These identifications were made not only by the viewing of the person in the tape but by virtue of seeing personal items worn by the robber, such as a hat, sunglasses, and a shirt, which they knew belonged to Welch. Moreover, the jury was able to gage whether the person in the tape was Welch by comparing Welch, as he sat in court, pictures of Welch taken with his family, and the person on the bank's surveillance tape. Finally, Welch made statements to his former roommate concerning the robbery of Illiana Federal shortly before the actual robbery and a pellet gun was found in Welch's home which resembled the gun used in the robbery. In sum, looking at the above evidence, there was sufficient evidence to support a guilty verdict.

## II. Motion for a New Trial

Welch additionally contends that he is entitled to a new trial. Rule 33 permits the Court to order a new trial "in the interests of justice." Unlike a motion for acquittal under Rule 29, in ruling on a motion for a new trial under Rule 33, the court is not required to view the evidence in a light most favorable to the government. United States v. Washington, 184 F.3d 653, 657 (7th Cir. 1999); 58 Am. Jur. 2d New Trial §391(2001). However, despite the more lenient standard, Rule 33 motions are nevertheless disfavored and courts generally should only grant in "the most extreme cases." United States v. Linwood, 142 F.3d 418, 422 (7th Cir. 1998). See also United States v. Kamel, 965 F.2d 484, 490 n.7 (7th Cir. 1992). The trial court "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." Reed, 875 F.2d at 113. The court may only order a new trial if "the verdict is against the manifest weight of the evidence" and a guilty verdict would result in a "miscarriage of justice." Washington, 184 F.3d at 657.

Here, Welch contends that a new trial is warranted because this Court improperly granted the Government's motion in limine to exclude Welch's proposed expert witness, who was going to testify on the unreliability of eye witnesses. Welch, however, does nothing more than raise the arguments that this Court previously rejected. Moreover, even if the Court would have allowed this testimony, it would not be a manifest injustice to let the jury's verdict stand. As explained above, the jury was able to determine whether the person on the tape was Welch by comparing Welch, as he sat in court, and pictures of Welch taken with his family to the person on the tape. This in conjunction with the statements Welch made to his former roommate concerning the robbery of Illiana Federal shortly before the actual robbery and a pellet gun found

3

in Welch's home, are sufficient in itself to sustain the verdict and for this Court to find that the interests of justice do not require a new trial.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Welch's Motion for Judgment of Acquittal [56-1] and Motion for a New Trial [57-1].

ENTER:

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: 6/10/03

5