# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Blanche M. Manning |
| | ) | |
| v. | ) | Case No. 02 CR 818 |
| | ) | |
| ANDRE WELCH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the court on a limited remand by the Seventh Circuit Court of Appeals to determine whether this court would impose the defendant's original sentence had the Sentencing Guidelines been advisory rather than mandatory. *See U.S. v. Paladino*, 401 F.3d 471 (7th Cir. 2005). In *Paladino*, the court stated that:

> Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence with an appropriate explanation, or inform this court of its desire to resentence the defendant.

*Id.* at 484 (citation and quotation marks omitted). In making this statement, the court should obtain the views of counsel but need not require the presence of the defendant. *Id.*

Welch was convicted by a jury of robbing a bank in violation of 18 U.S.C. § 2113. In imposing its original sentence, the court granted the government's motion for an upward departure under § 4A1.3 to reflect the seriousness of Welch's past criminal conduct. Specifically, the court increased defendant's criminal history category from a IV to a VI based on its finding by a preponderance of the evidence that Welch had committed 4 other bank robberies. This finding resulted in a total of 20 criminal history points.

Further, because 20 criminal history points exceeded the bounds of criminal history category VI, the court increased Welch's Guideline range from a 27 to a 28 to reflect his prior criminal history under § 4A3.1. In so doing, the court stated that "the sentencing range normally

imposed by the Guidelines for a criminal history category IV does not adequately reflect the egregious nature of Welch's criminal past or the likelihood that he will commit future crimes if given the opportunity." With a Guideline level of 28 and a criminal history category of VI, the Guidelines provided for a sentencing range of 140-175 months.

Welch also objected to the two-level enhancement for an obstruction of justice under Guideline § 3C1.1, which had been recommended in the PSR because Welch submitted to this court and the magistrate judge a document indicating that he had been honorably discharged from the military. In fact, however, this court stated in its original sentencing memorandum that Welch was given an involuntary general discharge for drug abuse and failure to comply with drug rehabilitation. The court overrruled his objections and imposed the two-level obstruction. The court sentenced Welch to 160 months.

In determining whether it would impose the same sentence had the Guidelines been advisory rather than mandatory, the court has reviewed the written submissions of the parties as to this remand, its original sentencing memorandum, and the presentence report with the associated objections. The court has considered the nature and circumstances of the offense, the history and characteristics of the defendant under § 3553, the purpose for imposing the sentence, and the advisory Guideline range of 140-175 months.

Welch asserts that since he was last before this court, his life has "changed significantly." Specifically, Welch states that since his incarceration, he has complied with all Bureau of Prison rules, tutored inmates, worked as a custodian, and completed various classes. He also states that life for his family, with whom he is close, has been "extremely difficult" since his incarceration.

While the court commends Welch's efforts at turning his life around and preparing for a productive life outside of prison, such post-sentencing conduct and events are not relevant on a *Paladino* remand. *U.S. v. Re*, — F.3d —, No. 03-2089, 2005 WL 1924196, at *2 (7th Cir. Aug. 12, 2005) ("in a *Paladino* remand the conduct or circumstances that bear on the § 3553(a) factors must have been in existence at the time the original sentence was imposed. . . . Post-sentencing

events or conduct simply are not relevant to th[e *Paladino*] inquiry."). The court concludes

based on its consideration of all of the relevant factors that it would impose the same sentence.

The court believes that the sentence of 160 months, which falls just above the halfway mark of

the range advised by the Guidelines, is reasonable to hold Welch accountable for his crimes and

to protect the community at large from additional criminal activity by the defendant.

The court notes in the interest of completeness that it is unpersuaded by Welch's other

arguments on limited remand. Specifically, Welch argues that any sentencing enhancements

found by the court must be based on facts that were found beyond a reasonable doubt. However,

as the Seventh Circuit stated in *McReynolds v. U.S.*, 397 F.3d 479, 481 (7th Cir. 2005):

> What is more, Booker does not in the end move any decision from judge to jury,
> or change the burden of persuasion. The remedial portion of Booker held that
> decisions about sentencing factors will continue to be made by judges, on the
> preponderance of the evidence, an approach that comports with the sixth
> amendment so long as the guideline system has some flexibility in application.
> As a practical matter, then, petitioners' sentences would be determined in the
> same way if they were sentenced today; the only change would be the degree of
> flexibility judges would enjoy in applying the guideline system.

Thus, it is proper for the court to have considered the evidence of defendant's prior crimes in

sentencing and Welch's constitutional rights are protected by the fact that on this limited remand,

the court understands the Guidelines to be advisory rather than mandatory.

Welch also argues that the imposition of the advisory guidelines system created by the

remedial majority opinion in Booker violates the *ex post facto* clause. However, the Seventh

Circuit has recently rejected such a claim. *United States v. Jamison*, — F.3d —, 2005 WL

1683961, at *1 (7th Cir. July 20, 2005) ("We therefore join the Fifth and Eleventh Circuits in

rejecting an *ex post facto* claim based on the remedial holding in *Booker*) (citations omitted).

**ENTER:**

**Blanche M. Manning**
**United States District Judge**

**DATE:** August 23, 2005